**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47391**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  September 18, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ANTONIO CORONADO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Christopher S. Nye, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Antonio Coronado appeals from the judgment of conviction entered upon his conditional guilty plea to felony driving under the influence of alcohol (DUI).  Coronado argues that the district court erred when it denied his motion to suppress.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Coronado was charged with felony driving under the influence pursuant to Idaho Code §§ 18-8004, -8005(6).  The charges arose after a witness reported a suspicious blue truck parking in several different places on a residential street and playing music.  Upon arriving at the scene, Officer Heaton parked his patrol vehicle about two car lengths behind the blue truck, activated his overhead lights, and approached the driver's side.  Coronado was sitting in the driver's seat, without the engine running, talking on his cell phone as Officer Heaton approached.  Officer

1

Heaton identified himself, explained why he was there, and asked for Coronado's license, registration, and proof of insurance.

While Coronado searched for those items, Officer Heaton observed him place a beer can in the passenger compartment of the truck. Officer Heaton then began a DUI investigation and asked Coronado to participate in field sobriety tests. Coronado agreed to perform one test, which he failed. After Coronado refused to submit to a breath alcohol test, Officer Heaton obtained a warrant for a blood draw, the result of which was 0.207 blood alcohol content. As a result of the investigation, Coronado was charged with felony DUI, driving without privileges, and open container.

Coronado moved to suppress the evidence gained from the incident, arguing that Officer Heaton's actions in pulling behind Coronado's vehicle and activating his overhead lights constituted a seizure without reasonable suspicion. The State argued that Coronado was not seized prior to observation of the beer can and, alternatively, Officer Heaton had reasonable suspicion to initiate an investigative detention and any brief seizure was also justified by the community caretaking function. After a hearing, the district court denied the motion to suppress, finding that Coronado had not shown that he was seized until Officer Heaton observed an open container of alcohol and initiated a DUI investigation. The district court also found that, had there been a seizure, Officer Heaton had reasonable suspicion to seize Coronado based on the report of a suspicious vehicle.

Coronado entered a conditional guilty plea, preserving the right to appeal the denial of his motion to suppress. Coronado timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

2

### III.

### ANALYSIS

Coronado argues that the district court erred in denying his motion to suppress because Officer Heaton's actions in pulling behind Coronado's vehicle and turning on his overhead lights constituted a seizure without reasonable suspicion. The State argues that Coronado was not seized until Officer Heaton initiated a DUI investigation, and that even if Officer Heaton's actions prior to that point constituted a seizure, his actions were justified by both reasonable suspicion and the community caretaking function.[1]

The Fourth Amendment to the United States Constitution, and its counterpart, Article I, Section 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. However, not all encounters between the police and citizens involve the seizure of a person. *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992). Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). A seizure does not occur simply because a police officer approaches an individual on the street or other public place, by asking if the individual is willing to answer some questions or by putting forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Florida v. Royer*, 460 U.S. 491, 497 (1983). Unless and until there is a detention, there is no seizure within the meaning of the Fourth Amendment and no constitutional rights have been infringed. *Royer*, 460 U.S. at 498. Even when officers have no basis for suspecting a particular individual, they may generally ask the individual questions and ask to examine identification. *Fry*, 122 Idaho at 102, 831 P.2d at 944. So long as police do not convey a message that compliance with their requests is required, the encounter is deemed consensual and no reasonable suspicion is required. *Id.*

Factors to consider when determining whether a seizure occurred include: "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that

---

[1] Because we hold that Coronado was not seized until Officer Heaton initiated a DUI investigation, we do not address the State's arguments that any alleged seizure prior to that point was based on reasonable suspicion and the community caretaking function.

compliance with the officer's request might be compelled." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). While not enough to constitute a de facto seizure, the use of overhead emergency lights is a "significant factor a court must consider when considering the totality of the circumstances." *State v. Willoughby*, 147 Idaho 482, 487, 211 P.3d 91, 96, (2009).

As noted, Coronado claims that he was seized when Officer Heaton stopped behind his vehicle and activated his overhead lights. Coronado argues that Officer Heaton's actions constituted a show of authority to which Coronado submitted, and that a reasonable person would not feel free to leave in such a situation. However, other than the use of overhead lights and the fact that Officer Heaton parked behind Coronado's vehicle, Coronado does not point to any additional factors that would indicate a seizure occurred.

In making this argument, Coronado seemingly invites this Court to adopt a rule the Idaho Supreme Court declined in *Willoughby*: that the use of emergency overhead lights constitutes a de facto seizure. While Coronado includes the additional factor that Officer Heaton's vehicle was stopped behind Coronado's vehicle, this does little to bolster his argument. The placement of a police vehicle in relation to a citizen's already-parked vehicle may be relevant to whether a seizure occurred if used in a way to impede a vehicle's exit route. *Willoughby*, 147 Idaho at 488, 211 P.3d at 97. However, the district court found that Officer Heaton's actions in parking his vehicle behind Coronado's vehicle did not impede Coronado's exit route. Coronado does not challenge this factual finding on appeal.[2] As the only, albeit significant, factor indicating a seizure is Officer Heaton's use of overhead emergency lights, we hold that the district court did not err when it found that no seizure occurred until Officer Heaton observed Coronado move an open container of alcohol and began a DUI investigation.

---

[2]     Coronado does challenge the district court's factual finding that one of the reasons Officer Heaton turned on his overhead lights was for traffic safety. Contrary to Coronado's assertion, this finding is not clearly erroneous because Officer Heaton specifically testified to such. Moreover, this factual finding is ultimately irrelevant to whether the initial encounter was consensual because Officer Heaton's subjective reasons for activating his overhead lights does not inform whether the *fact* that he did so was sufficient to convert the encounter from a consensual one to an investigative one.

## IV.

## CONCLUSION

The district court correctly concluded that the initial encounter between Coronado and law enforcement was consensual and that no seizure occurred until the officer saw that Coronado had an open container of alcohol. Therefore, we affirm the district court's denial of Coronado's motion to suppress.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.